UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMILY MILLER,

    Plaintiff,

v.                          CASE NO.: 6:23-cv-01226-RBD-DCI

HIDDEN OAKS, LLC D/B/A MEDICI
MEDIA, and TIMOTHY
MUCCIANTE, an individual,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EMILY MILLER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, HIDDEN OAKS, LLC D/B/A MEDICI MEDIA ("Defendant Medici"), and TIMOTHY MUCCIANTE, an individual ("Defendant Mucciante") (collectively, "Defendants") and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Venue is proper in this District because all the events giving rise to these claims occurred in Orange County, within this District.

3. At all times material hereto, Defendant Medici was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193(1)(a)(2), because it committed a tortious act in this state, namely, the deprivation of Plaintiff's property through its refusal to pay Plaintiff in Florida for the wages she earned.

4. Defendant Mucciante is also subject to jurisdiction under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193(1)(a)(2), because he committed a tortious act in this state, namely, the deprivation of Plaintiff's property through his refusal to pay Plaintiff in Florida for the wages she earned.

5. Furthermore, this Court's exercise of personal jurisdiction over both Defendants is constitutionally sound. Through their commission of tortious acts within the state of Florida, Defendants' conduct was aimed at the state of Florida and caused harm that the Defendants should have anticipated would be suffered in Florida. *See Calder v. Jones,* 465 U.S. 783, 789–90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)*; Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1356 (11th Cir. 2013).

6. Finally, all of Defendants' unlawful activities pertaining to Plaintiff occurred within Florida.

## PARTIES

7. Plaintiff is a resident of Orange County, Florida, and was a resident of Orange County Florida when she worked for Defendants. Defendants knew Plaintiff was a resident of Florida when she worked for Defendants.

8. Defendant Medici is a Michigan limited liability company that provides broadcasting and media production services.

9. Defendant Mucciante is a managing member at Defendant Medici, managed the payroll for Defendant Medici, and oversaw Plaintiffs' job duties and pay.

## GENERAL ALLEGATIONS

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

13. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to individual coverage of the FLSA.

14. At all times material hereto, Defendant Medici was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. As part of his job duties, Defendant Mucciante exercised control over Plaintiff's wages and hours, controlled Defendant Medici's payroll practices, supervised Plaintiff and exercised control over Plaintiff's working conditions.

16. Through the exercise of dominion and control over all employee-related matters at Defendant Medici in his individual capacity, Defendant Mucciante was also an "employer" within the meaning of the FLSA.

17. Defendant Mucciante continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

19. At all times material hereto, Defendant Medici was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

20. At all times relevant to this action, the annual gross sales volume of Defendant Medici exceeded $500,000 per year.

21. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant Medici.

22. Plaintiff was an employee of Defendants who is covered by the FLSA.

## FACTS

23. Plaintiff worked for Defendants between July and October 2022 and was not paid for all hours she worked.

24. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and was not paid a minimum wage for all of the hours that she worked.

25. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA. Plaintiff repeatedly, both on her own and through counsel, demanded that Defendants pay Plaintiff her unpaid wages, yet Defendants refused to do so.

26. Defendants willfully failed to pay Plaintiff all wages owed to her during the time period set forth above.

27. Plaintiff's unpaid wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

## COUNT I – FLSA MINIMUM WAGE VIOLATION
*(Against Defendants)*

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. During the statutory period, Plaintiff worked for Defendants, and she was not paid a minimum wage for all hours she worked, as mandated by the FLSA.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW
*(Against Defendant Medici)*

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33. Plaintiff worked for Defendant Medici during the statutory period, and Defendant Medici agreed to pay Plaintiff for her services.

34. Defendant Medici failed to pay Plaintiff all "wages" owed to her.

35. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant Medici for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of September, 2023.

        Respectfully submitted,

        */s/ Ashwin R. Trehan*
        Ashwin R. Trehan
        Florida Bar No. 42675
        **Wenzel Fenton Cabassa P.A.**
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: 813-774-3391
        Facsimile No.: 813-229-8712
        Email: atrehan@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of September, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to:

Brad E. Kelsky, Esq.
Kelsky Law, PA
150 S. Pine Island Road
Suite 300
Plantation, FL 33324
bradkelsky@kelskylaw.com

        */s/ Ashwin R. Trehan*
        **ASHWIN R. TREHAN**

8